IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CONNIE MATHEWS

    Plaintiffs,

VS.                      CIVIL ACTION NO_____

PODS ENTERPRISES, INC.,
MEMPHIS PORTABLE STORAGE d/b/a PODS,
MANNSDALE MANAGEMENT GROUP, JUDSON KROEZE, KEVIN SHARP,
VERONICA WOMACK, TIFFANY WHITE,

    Defendants.

---

**COMPLAINT FOR DAMAGES**
**JURY DEMANDED**

---

**COMES NOW** Plaintiff, **CONNIE MATHEWS**, by and through her undersigned attorney, and files this her Complaint for damages pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1961-1964[1], *et seq.* ("RICO"), common-law fraudulent misrepresentation, common-law fraudulent omission, common-law fraudulent suppression, and gross negligence against Defendants, **PODS ENTERPRISES, INC ("PODS CORPORATE"), MEMPHIS PORTABLE STORAGE d/b/a PODS ("MEMPHIS PODS"), MANNSDALE MANAGEMENT GROUP, LLC ("MANNSDALE"), JUDSON KROEZE, KEVIN SHARP VERONICA**

---

[1] This Court has subject matter jurisdiction pursuant to 28 USC § 1331 (Federal Question) and venue is proper in this district as the Defendants all reside or are deemed to reside in this district pursuant to 28 USC § 1391.

**WOMACK, AND TIFFANY WHITE,** and in support thereof states as follows:

I.

Plaintiff, Connie Mathews is an adult resident of the State of Tennessee.

II.

Defendant, PODS Corporate is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 5585 Rio Vista Drive Clearwater, Florida 33760. PODS Corporate may be served with process at its principal place of business by certified mail or its agent for service of process Corporate Creations Network, Inc. 205 Powell Place Brentwood, TN 37027. PODS Corporate is vicariously liable for the conduct of Memphis PODS, Mannsdale their agents and employees, via the doctrine of *respondeat superior*, actual or apparent agency, employer-employee. PODS Corporate is also on information and belief a successor- in - interest to Memphis PODS operations in Memphis, Tennessee and has assumed successor liability in that PODS Corporate has expressly or impliedly assumed Memphis PODS liabilities, or the transaction with PODS Corporate was entered into fraudulently for Memphis PODS to escape its liability.

III.

Defendant, Memphis PODS, is a limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business at 551 Mannsdale Road Madison, MS 39110 and it may be served with process at that address or on its agent for service of process Michael A. Akers 20 Eastgate Drive Ste

D Madison, MS 39043. Memphis PODS is vicariously liable for the conduct of Mannsdale, its agents and employees, and Kevin Sharp.

## IV.

Defendant, Mannsdale is a limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business at 551 Mannsdale Road Madison, MS 39110 and may be served with process at that address or on its agent for service of process Michael A. Akers 20 Eastgate Drive Ste D Madison, MS 39043. Mannsdale and its agents and employees perform billing and collections as an agent of Memphis PODS. On information and belief Mannsdale also owns and controls Memphis PODS.

## V.

Defendant, Judson Kroeze, is an adult resident citizen of Mississippi residing at 117 Ridge Circle Brandon, MS 39047 and may be served with process at this address by certified mail. Mr. Kroeze is believed to be the managing member of Memphis PODS and the managing member of Mannsdale and the direct supervisor of Kevin Sharp, Veronica Womack, and Tiffany White.

## VI.

Defendant, Kevin Sharp is an adult resident citizen of Tennessee and was at all relevant times the manager of PODS Memphis, Tennessee operation headquartered at 5280 Meltech Blvd Ste 109 Memphis, TN 38118 and may be served with process at that address.

### VII.

Defendant, Veronica Womack, is an adult resident citizen of Mississippi and was at all relevant times an employee of Mannsdale at its principal place of business at 551 Mannsdale Road Madison, MS 39110 and she may be served with process at that address.

### VIII.

Defendant, Tiffany White, was at all relevant times an employee of Mannsdale at its principal place of business of 551 Mannsdale Road Madison, MS 39110 and she may be served with process at that address.

### IX.

On or about March 14, 2006, Plaintiff rented storage space from Defendant Memphis PODS. Plaintiff stored approximately $310,000.00 worth of furniture and other personal property with Defendant, Memphis PODS.

### X.

On or about August 15, 2006, Mannsdale acting as an actual or apparent agent for Memphis PODS intentionally mailed to Plaintiff a notice letter, which was defective pursuant to §66-31-105(2)(D)(vi) because it did not contain a "conspicuous statement". This letter intentionally omitted to disclose the date, time, and location of the auction. This fraudulent omission of material facts and/or failure to disclose the whole truth regarding the date, time and location of the auction while utilizing United States "mails" rendered this conduct mail fraud pursuant to 18 USC § 1341. This conduct also constituted common-law fraudulent non-disclosure of material

facts (the date, time, and location of the auction) and/or failure to speak the whole truth.  This matter was previously nonsuited on March 26, 2010 in cause no. CT-001359-09 in the Circuit Court for the Thirtieth Judicial District at Memphis.

### XI.

During the week of October 14, 2006, the Memphis PODS admits that it changed the location of auction and advised potential bidders of this but fraudulently and intentionally omitted to advise Plaintiff by letter or otherwise that the location of the sale had been changed.  This conduct violated mail and wire fraud 18 USC § 1341 and 18 USC §1343 as Defendant PODS thru its employee Kevin Sharpe had a duty to disclose the location of the auction and fraudulently and willfully concealed this information from the plaintiff to compromise her redemption rights under §66-31-105(2)(H).

### XII.

On or about August 21, 2006, Memphis PODS and/or Mannsdale acting through Tiffany White and/or Valerie Womack communicated with the Plaintiff by telephone.  At no time during the August 21, 2006 telephone conversation did White, Womack, Memphis PODS or Mannsdale advise Plaintiff of the date, time, and location of the auction.  This omission to disclose these material facts (date, time, location of auction) or speak the whole truth while utilizing a "wire" in the form of a telephone constituted wire fraud pursuant to 18 USC § 1343.  This conduct also constituted common-law fraudulent non-disclosure of material facts (the date, time, and location of the auction) and/or failure to speak the whole truth.

### XIII.

On or about September 5, 2006, Memphis PODS and/or Mannsdale acting through Tiffany White and/or Valerie Womack mailed a letter to the Plaintiff. The September 5, 2006 letter intentionally omitted the date, time, and location of the auction. This intentional and willful omission to disclose these material facts or speak the whole truth while utilizing "mail" constituted mail fraud pursuant to 18 USC § 1341. This conduct also constituted common-law fraudulent non-disclosure of a material fact (the date, time, and location of the auction) and/or failure to speak the whole truth.

### XIV.

On or about September 6, 2006, Memphis PODS and/or Mannsdale acting through Tiffany White and/or Valerie Womack communicated with the Plaintiff by telephone. At no time during the September 6, 2006 telephone conversation did White, Womack, Memphis PODS or Mannsdale advise Plaintiff of the date, time, and location of the auction. This intentional and willful omission to disclose these material facts (date, time, location of auction) or speak the whole truth while utilizing a "wire" in the form of a telephone constituted wire fraud pursuant to 18 USC § 1343. This conduct also constituted common-law fraudulent non-disclosure of material facts (the date, time, and location of the auction) and/or failure to speak the whole truth.

### XV.

On or about September 18, 2006, Memphis PODS and/or Mannsdale acting

through Tiffany White and/or Valerie Womack knew that they were placing the ad to auction the Plaintiff's property. White, Womack, Memphis PODS and/or Mannsdale failed to transmit a letter to Plaintiff to disclose the time, date, and location of the auction.

### XVI.

On or about October 6, 2006, Memphis PODS and/or Mannsdale acting through Tiffany White and/or Valerie Womack mailed a letter to the Plaintiff. The October 6, 2006 letter intentionally omitted the date, time, and location of the auction. This intentional and willful omission to disclose these material facts or speak the whole truth while utilizing a "wire" in the form of a telephone constituted wire fraud pursuant to 18 USC § 1343. This conduct also constituted common-law fraudulent non-disclosure of material facts (the date, time, and location of the auction) and/or failure to speak the whole truth.

### XVII.

On or about October 14, 2006, Defendant PODS auctioned Plaintiff's furniture and other personal property for unpaid bills PODS of approximately $2,331.84, but did not comply with T.C.A. §66-31-105(2)(G)-(F) and §66-31-105(2)(D)(vi). Therefore, this sale was void.

### XVIII.

On October 14, 2006, Defendants Memphis PODS received the sales proceeds totaling approximately $3,260.61 in the form of credit card payments and cash and deposited this sum in its accounts with BancorpSouth. On information and belief

the auction proceeds were utilized to pay Memphis PODS or Mannsdale's overhead and other operating expenses in one or more transactions. The deposit of the auction proceeds and transmission of the funds thru the banking channels and payment systems either in whole or part of the auction proceeds constituted money laundering pursuant to 18 USC §§ 1956 –1957.

### XIX.

The RICO Enterprise is an association-in-fact enterprise composed of PODS Corporate, Memphis PODS, Mannsdale, Judson Kroeze, Kevin Sharp, Veronica Womack, and Tiffany White, ("collectively RICO operators), and David and Nancy Robbins d/b/a Nancy's Thrift Store, BancorpSouth Jackson Street Campus Blg. C2nd Floor Tupelo, MS 38803, Akers & Bobo PLLC, 20 Eastgate Drive Ste D, Brandon, Mississippi 39043 (RICO Operator's primary auction customer, bank, and attorneys), and their other banks, accountants, and attorneys. The RICO operators direct and control the RICO Enterprise. The RICO operators have conducted a pattern of racketeering activity over the course of this matter as discussed in the foregoing paragraphs. The RICO Operators have utilized letters similar to the August 15, 2006 letter, the September 5, 2006 letter and the October 6, 2006 letter on over seventy (70) auctions since approximately 2002. These letters all fraudulently omit the date, time, and location of the auction for the renters. This conduct also constitutes a pattern of racketing activity on the part of the RICO operators in general.

**XX.**

The actions of the RICO Operators described above were direct Proximate cause of damages to the Plaintiff's property in the form of cover property damages and expenses.

**XXI.**

At all times pertinent herein, the following statute of the State of Tennessee was in full force and effect:

TCA §66-31-105

The Defendants' conduct intentionally and willfully violated this statue constituting liability *per se*.

**XXII.**

*Piercing the Corporate Veil*

Plaintiff incorporates the allegations of the foregoing paragraphs as if fully set forth herein. At all material times, PODS Corporate, and Kroeze utilized Memphis PODS and Mannsdale as a subterfuge to violate § 1341, § 1343 and in furtherance of a conspiracy to violate § 1341, § 1343, § 1957. At all material times, PODS Corporate and Kroeze used Memphis PODS and/or Mannsdale as an instrumentality or business conduit for themselves and did not maintain an arms length relationship between themselves and Memphis PODS and/or Mannsdale. In the event Memphis PODS and/or Mannsdale proves to be undercapitalized, then Defendants PODS Corporate and Kroeze should be held individually liable for the liabilities of Memphis PODS and/or Mannsdale.

### XXIII.

Defendants' conduct, acts, and omissions jointly and severally were willful, reckless, fraudulent, and/or constituted gross negligence. Defendants' conduct, acts and omissions were the direct and proximate or legal cause of the injury to Connie Mathews.

### XXIV.

As a result of the conduct of the Defendants jointly and severally Plaintiff, Connie Mathews, suffered the following damages:

1. Loss of furnishings and other personal property valued in excess of $310,000.00;
2. Loss of the true surplus proceeds of the sale of Connie Mathews' furniture and other personal property; and
3. Pre-judgment interest.
4. Attorney Fees.
5. Treble Damages.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff, **CONNIE MATHEWS**, and against the Defendants jointly and severally in the amount of TWO MILLION DOLLARS ($2,000,000.00) to be determined by a jury of her peers to include compensatory damages, and attorney fees and expenses, treble damages, and punitive damages and costs pursuant to 18 USC § 1964;

Respectfully submitted,

**THE LAW OFFICE OF JULIAN T. BOLTON**

/S/DRAYTON D. BERKLEY
**JULIAN T. BOLTON, ESQ. (BPR 15378)**
**DRAYTON D. BERKLEY, ESQ. (BPR022601)**
**Attorneys for Plaintiff**
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103