# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 05, 2013

Mr. Charles M. Purcell
Purcell, Sellers & Craig
P.O. Box 10547
Jackson, TN 38308

Mr. Murray Bruce Wells
Mr. Drayton D. Berkley
Horne & Wells
81 Monroe Avenue
Suite 400
Memphis, TN 38103-0000

Re: Case No. 12-5766, *Connie Mathews v. PODS Enterprises, Inc., et al*
Originating Case No. : 2:10-cv-02732

Dear Counsel:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager
Direct Dial No. 513-564-7034

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0234n.06

No. 12-5766

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CONNIE MATHEWS, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Mar 05, 2013 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| PODS ENTERPRISES, INC.; MEMPHIS | ) | ON APPEAL FROM THE |
| PORTABLE STORAGE, dba PODS; | ) | UNITED STATES DISTRICT |
| JUDSON KROEZE, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MANNSDALE MANAGEMENT GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

BEFORE: KETHLEDGE, WHITE, and STRANCH, Circuit Judges.

PER CURIAM. Connie Mathews, a Tennessee citizen, appeals through counsel a district court order dismissing her complaint alleging a Racketeer Influenced and Corrupt Organizations Act (RICO) claim, as well as state law claims.

Seeking two million dollars in damages, Mathews filed a complaint and amended complaint (R.E. 26) against a number of defendants alleged to be involved in the ownership and administration of PODS Enterprises, Inc. The complaint alleged that Mathews stored property worth $310,000 with the defendants in 2006. She did not pay the storage fees, and her property was auctioned for

No. 12-5766
*Mathews v. PODS Enters., et al.*

approximately one percent of that amount. The money was used to pay the fees, with the balance remitted to Mathews. Mathews alleged that the defendants violated RICO by engaging in mail and wire fraud when they communicated with her by mail and telephone without informing her of the date, time, and location of the auction of her property. She also alleged that defendants violated RICO by engaging in money laundering, and committed several state torts. Mathews claimed that defendants had committed RICO violations in auctioning the property of other customers as well.

Service was not perfected against several of the named defendants. Those who were served moved to dismiss the complaint (R.E. 29), and Mathews filed a response (R.E. 35). The district court granted defendants' motion and dismissed the RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (R.E. 36 & 37). The district court declined to exercise supplemental jurisdiction over the state law claims, which were dismissed without prejudice. Mathews filed a motion to alter the judgment (R.E. 38), which the district court denied (R.E. 40).

On appeal, Mathews reasserts the claims of mail and wire fraud underlying the alleged RICO violation. She has abandoned her claims of money laundering and has not appealed the dismissal of her state-law claims. She argues that the district court made an improper factual finding that the defendants incorrectly informed her of the location of the auction. The district court apparently based this statement on a finding in a similar state court action that Mathews filed but eventually voluntarily dismissed. The state court found that defendants' advertisement of the auction inadvertently listed the wrong location, and that people who attended that location were directed to the correct place (R.E. 20, Ex. B). Mathews does not acknowledge having seen the advertisement.

We review the dismissal of a complaint under Rule 12(b)(6) de novo; the dismissal will be upheld where the complaint does not state a claim that is plausible on its face. *Brown v. Cassens*

No. 12-5766
*Mathews v. PODS Enters., et al.*

*Transp. Co.*, 675 F.3d 946, 953 (6th Cir. 2012). In order to plead fraud, as required by Federal Rule of Civil Procedure 9(b), a complaint must allege the existence of a fraudulent scheme and the fraudulent intent of the participants in the scheme, among other elements. *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). The complaint in this case lacked any plausible claim that defendants were engaged in a fraudulent scheme or acted with fraudulent intent. Defendants auctioned the stored property in order to recover the unpaid storage fees, and remitted the balance to Mathews. There was no plausible allegation that defendants acted with intent to defraud. *See id.* at 404. The argument that the district court made an improper finding of fact that defendants misinformed Mathews of the location of the auction is irrelevant. Even accepting the complaint's allegation that Mathews was never informed of the location of the auction, the complaint failed to set forth a plausible claim of mail or wire fraud to support the claim of a RICO violation.

Accordingly, the district court's dismissal of the complaint is affirmed.